UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 6, 2018

Peter G. Siachos, Esq.
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
*Counsel for Third-Party Plaintiff*
*Power Engineers, Inc.*

Stewart M. Leviss, Esq.
Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC
75 Livingston Avenue
Roseland, NJ 07068
*Counsel for Third-Party Defendant*
*Kobelco Compressors America, Inc.*

Russell S. Sayre, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Third-Party Defendant*
*Kobelco Compressors America, Inc.*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    Bayonne Energy Center, LLC v. Power Engineers, Inc.
            Civil Action No. 17-2726 (SDW) (LDW)

Counsel:

     Before this Court is Third-Party Defendant Kobelco Compressors America, Inc.'s ("Kobelco" or "Third-Party Defendant") Motion to Dismiss the Third-Party Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 14(a)(2)(A), or alternatively, to stay these proceedings pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons stated below, Third-Party Defendant Kobelco's motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Bayonne Energy Center, LLC's ("Plaintiff" or "Bayonne") alleges that compressors at its power plant (the "Plant") sustained $1.4 million in damage due to an electronics communication failure that occurred on November 14, 2015. (Compl. ¶¶ 1, 9-12, 16, ECF No. 1.) On April 20, 2017, Plaintiff filed a one-count Complaint against Defendant Power Engineers, Inc. ("Power"), asserting that Power's predecessor Burns & Roe Group, Inc. negligently performed its design engineering services in connection with the construction of the Plant.[1] (*Id*. ¶¶ 6, 14-16.)

On June 11, 2018, Defendant Power filed a Third-Party Complaint against Third-Party Defendants Kobelco and ABB, Ltd. ("ABB") (collectively, "Third-Party Defendants"). (*See generally* 3d Party Compl., ECF No. 42.) The Third-Party Complaint alleges in part that Kobelco designed and/or manufactured the Plant's compressors and programmable logic controllers. (*Id.* ¶¶ 12-13.) It also alleges that Kobelco "reviewed and approved" Power's design documents before they were implemented. (*Id.* ¶ 16.) In its Third-Party Complaint, Power seeks indemnification and contribution from the Third-Party Defendants, alleging that the "failures and defects in the communication systems designed and implemented by Kobelco and ABB [were] the proximate cause of the compressor shutdown that resulted in damages to [Plaintiff]." (*Id.* ¶ 34.)

On July 25, 2018, Third-Party Defendant Kobelco filed the instant Motion to Dismiss Power's Third-Party Complaint, or alternatively, to stay this proceeding pending arbitration. (ECF No. 51.) Kobelco's motion is based on an arbitration provision within a February 5, 2010 agreement to supply compressors and ancillary equipment for the Plant (the "Agreement"); said Agreement is between Kobelco and Bayonne. (*See generally id.*; *see also* Agreement, ECF No. 72.)[2] Power opposed the motion on August 20, 2018, and Kobelco replied on August 28, 2018. (ECF Nos. 61, 63.)

## II. STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[1] Power acquired Burns & Roe Group, Inc. in 2014. (*Id.* ¶ 2.) For the purposes of this Letter Opinion, this Court will refer to Burns & Roe Group, Inc. as Power.

[2] The Agreement was initially filed under temporary seal on July 25, 2018. (ECF No. 52.) Pursuant to Judge Wettre's October 12, 2018 sealing order, a redacted version of the Agreement was filed on October 15, 2018. (ECF No. 72.)

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

On a Rule 12(b)(6) motion to dismiss, the movant "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Here, Third-Party Defendant Kobelco argues that Third-Party Plaintiff Power's claims should be dismissed because they are being asserted as a pretext so that Plaintiff Bayonne can circumvent an agreement to arbitrate the issue of Kobelco's liability. (Kobelco's Moving Br. at 6, ECF No. 51-1.) However, whether Plaintiff Bayonne has any claims against Kobelco is irrelevant on a motion to dismiss Power's claims against Kobelco. This Court will not speculate as to why Bayonne has not pursued claims, in arbitration or otherwise, against Kobelco. Because Kobelco has failed to demonstrate that Power's claims for indemnification and contribution were insufficiently pled, and as there is no basis to stay this action pending an arbitration that has not been and may never be filed, the motion is denied.[3]

### IV. CONCLUSION

For the reasons set forth above, Third-Party Defendant Kobelco's Motion to Dismiss the Third-Party Complaint, or alternatively, to stay these proceedings pending arbitration, is **DENIED**. An appropriate Order follows.

    /s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
      Leda Dunn Wettre, U.S.M.J.

---

[3] This Court notes that the Third-Party Complaint does not attach, reference, or rely on the Agreement. Because it is extraneous to the pleadings, the Agreement will not be considered on a Rule 12(b)(6) motion. *See Tri3 Enters., LLC v. AETNA, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013) (explaining that courts are "generally confined to the four corners of the complaint when evaluating its sufficiency"). Even if this Court were to consider it, as Kobelco acknowledges, Power is not a signatory to the Agreement. (Kobelco's Moving Br. at 6.) "Arbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999).